UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CATHERINE LORELLE B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-854-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred by rejecting her testimony about her migraines. (Dkt. # 9.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 12.) Plaintiff filed a reply. (Dkt. # 15.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final decision and REMANDS the case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II.  BACKGROUND

Plaintiff was born in 1984, has a high school education, and has worked as a home attendant, nurse assistant, and medication aide. AR at 29. Plaintiff was last gainfully employed in October 2020. *Id.* at 48.

In March 2021, Plaintiff applied for benefits, alleging disability as of October 9, 2020. AR at 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in April 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-31, 37-71.

Using the five-step disability evaluation process,[2] the ALJ found Plaintiff's severe impairments included migraine headaches and nine other physical and mental impairments. AR at 20. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform simple, sedentary work with the option to sit or stand at will. *Id.* at 24. Based on migraines, the ALJ restricted Plaintiff from working at heights or in proximity to hazardous conditions. *Id.* at 24, 27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### IV.  DISCUSSION

#### A.  The ALJ Erred in Evaluating Plaintiff's Testimony on Migraines

At the April 2023 hearing, Plaintiff testified she gets migraines at least once per week. AR at 53. She takes a migraine pill that "knocks [her] out for a good six hours" and she feels "off" for a couple of hours after that. *Id.* In her opening brief, Plaintiff estimates she would therefore miss work approximately three days per month. (Dkt. # 9 at 7.)

The ALJ found Plaintiff's migraine headaches "remained stable with treatment" and Plaintiff "remained treated conservatively with Rizatriptan[.]" AR at 27. The ALJ accordingly rejected any limitations based on headaches except prohibiting working at heights or around hazardous conditions. *Id.*

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155

ORDER - 3

(9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, but whether the ALJ's reasoning is clear enough that it has the power to convince. *Smartt*, 53 F.4th at 499.

"Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment." *Smartt*, 53 F.4th at 500 (quoting *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007)) (internal alterations omitted). Here, the ALJ's finding that Plaintiff's migraines were successfully treated was supported by substantial evidence. *See, e.g.*, AR at 1568, 1572-73, 1575 (provider notes history of migraines, no current complaints related to migraines, and refills all prescriptions).

Nevertheless, Plaintiff testified that the side effects of her treatment render her nonfunctional for a full day. AR at 53. An ALJ must consider all factors that affect a claimant's ability to work, "includ[ing] side effects of medications[.]" *Erickson v. Shalala*, 9 F.3d 813, 818 (9th Cir. 1993); *see also* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (factors an ALJ must consider include "side effects of any medication you take"). Here, the ALJ did not address or even acknowledge Plaintiff's testimony as to side effects. *See* AR at 25, 27.

The ALJ did not provide any reason to reject Plaintiff's testimony regarding side effects of migraine medication. Because no clear and convincing reason was provided, the Court concludes the ALJ erred in discounting this portion of Plaintiff's testimony.

An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Ford*, 950 F.3d at 1154 (quotation marks and citation omitted). Here, a vocational expert testified that a person missing two days of work per month could not sustain competitive employment.

ORDER - 4

1  AR at 70. Because Plaintiff's testimony indicates she would miss at least that much work, the
2  Court concludes the error is harmful.

3        **B.**      **Scope of Remand**

4        Plaintiff argues that the Court should remand for an award of benefits. (Dkt. # 9 at 7.)
5  The Commissioner contends remand for benefits would be inappropriate because conflicts
6  remain to be resolved. (Dkt. # 12 at 8-9.)

7        Remand for an award of benefits "is a rare and prophylactic exception to the well-
8  established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The
9  Court may remand for benefits only where the ALJ fails to provide legally sufficient reasons for
10 rejecting evidence, the record is fully developed and further administrative proceedings would
11 serve no useful purpose, and the improperly discredited evidence would require a finding of
12 disability on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if all three
13 criteria are met, "it is within the court's discretion either to make a direct award of benefits or to
14 remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler v. Comm'r of Soc. Sec.
15 Admin.*, 773 F.3d 1090, 1101 (9th Cir. 2014)). The Court should not award benefits "when the
16 record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the
17 meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

18       Plaintiff argues, in conclusory fashion, that all conditions have been met to remand for
19 benefits. (Dkt. # 9 at 7.) Plaintiff contends the record is fully developed because vocational
20 expert testimony establishes that missing three days of work per month would preclude
21 competitive work. (*Id.*)

22       "Where there is conflicting evidence, and not all essential factual issues have been
23 resolved, a remand for an award of benefits is inappropriate." *Treichler v. Comm'r of Soc. Sec.*

ORDER - 5

*Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Here, conflicts remain in the record concerning migraines and the side effects of treatment. Plaintiff did not allege disability based on migraines in her initial application. AR at 73, 91. On reconsideration, Plaintiff indicated a new condition of chronic migraines beginning in winter 2021. *Id.* at 112, 131. In October 2021, Plaintiff was prescribed Sumatriptan. *Id.* at 1472. Her provider switched her from Sumatriptan to Rizatriptan in December 2021. *Id.* at 1216. Yet in an April 2022 Function Report, Plaintiff was asked which of her medications caused side effects and did not list Rizatriptan. *Id.* at 370. The Court concludes that remand for further proceedings, limited to the issue of migraines and side effects from migraine treatment, is appropriate here.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). On remand, the ALJ should reassess Plaintiff's migraines, reevaluate the RFC if necessary, and proceed to step five as appropriate.

Dated this 5th day of November, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge